UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CR-0086-001-CVE |
| | ) | |
| DANIEL EVERRADO MUNOZ-PRIETO, | ) | |
| a/k/a D, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is the defendant's Unopposed Motion to Continue the Trial Date (Dkt. # 104). Defendant asks the Court to continue the jury trial of this matter to the December 2013 jury trial docket. Under the current scheduling order (Dkt. ## 52, 100), this case is set for jury trial on October 15, 2013. Defendant states that substitute counsel was appointed on October 7, 2013, and that defense counsel needs more time to prepare. At a pretrial conference on October 8, 2013, defendant appeared with his attorney, Stephen Knorr, and submitted a speedy trial waiver (Dkt. # 105). Counsel for the government does not oppose defendant's motion.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things,

whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv).  The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool.  The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271.  This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance.  Id. at 1272-73.  A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act.  Id. at 1273.

The Court has reviewed the defendant's motion to continue the trial and finds that his request for a continuance should be granted. Defendant's counsel was appointed on October 7, 2013, and he has not yet received discovery materials from the government. Defendant's counsel will need more time to prepare for the trial and defendant's request to set the trial date for December 2013 is reasonable. The Court finds that the failure to grant the requested continuance would deny counsel for the defendant the reasonable time necessary to prepare for trial, and the trial of this matter should be continued to December 2013.   In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited

ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that the defendant's Unopposed Motion to Continue the Trial Date (Dkt. # 104) is **granted**. The jury trial set for October 15, 2013 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | November 12, 2013 |
| Responses due: | November 26, 2013 |
| **PT/CP/Motions Hearing:** | **December 2, 2013 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | December 9, 2013 |
| **Jury Trial:** | **December 16, 2013 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between October 15, 2013 and December 16, 2013 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 8th day of October, 2013.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE